## United States District Court
## District of Massachusetts

```
_____
                               )
MICHAEL C. BRYSON,             )
                               )
          Plaintiff,           )
                               )
          v.                   )     Civil Action No.
                               )     18-12463-NMG
THE UNITED STATES,             )
                               )
          Defendant.           )
_____)
```

### MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Michael Bryson ("Bryson" or "plaintiff") brings this pro se claim purportedly on behalf of himself and his company, Bryson Trading Co., Inc. ("Bryson Trading" or "the Company"), challenging the final agency order of the Secretary of the United States Department of Transportation ("the Secretary").[1]  Bryson seeks an injunction against enforcement of that order as well as monetary damages.  He asserts that the Federal Motor Carrier Safety Administration ("the FMCSA" or "the Agency") violated his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution by assessing a civil penalty against him without a hearing.

---

[1] Because Bryson is not an attorney authorized to represent Bryson Trading, he cannot do so and the Court will therefore treat him as the sole plaintiff in this case.  See Local Rule 83.5.5(c).

For the following reasons, the Court finds that it lacks jurisdiction over plaintiff's claim pursuant to 49 U.S.C. § 521(b)(9) and thus the case will be dismissed.

## I.   Background

### A.   The Facts

Plaintiff is the owner and sole employee of Bryson Trading which is a commercial trucking company that transports freight between Connecticut and Massachusetts.  The FMCSA is the agency within the Department of Transportation tasked with promulgating and enforcing regulations to ensure safety in the commercial motor vehicle industry.  See 49 U.S.C. §§ 113, 31100, 31136, 31142.  The FMCSA has authority to take enforcement action and impose civil penalties upon motor carriers or drivers who have violated the Agency's safety regulations. 49 U.S.C. § 521(b).

In June, 2013, Bryson was stopped by an inspector in Connecticut while driving a commercial truck eastbound on I-84 from East Hartford, Connecticut, to Taunton, Massachusetts.  The inspector stopped Bryson after he observed him holding a cell phone up to his face as he approached the inspection location. The inspector cited plaintiff and the Company for violating 49 C.F.R. § 392.82(a) which prohibits drivers from using (and motor carriers from allowing its drivers to use) cell phones while driving a commercial motor vehicle in interstate commerce.

**B.    Procedural History**

In February, 2014, the Connecticut Division of the FMCSA issued a Notice of Claim to Bryson Trading charging it with violating § 392.82(a)(2) and proposing a civil penalty of $2,710 for that violation.  See 49 U.S.C. § 521(b)(1).  In March, 2014, the Company responded, denying the alleged violation and requesting a hearing.

In May, 2014, the FMCSA filed an objection to the Company's request for a hearing and a motion for final agency order which is the administrative equivalent to a motion for summary judgment.  The Company never responded to the FMCSA's motion for final agency order as required by the applicable regulations. See 49 C.F.R. § 386.16(b)(3).  In April, 2018, the FMCSA issued an order allowing the Company an additional 30 days to respond to its motion for final agency order and notifying it that failure to respond would result in the Agency issuing a final order based on the current record.  The Company subsequently failed to respond and in October, 2018, the Agency entered a final order finding that the Company had violated the applicable safety regulation and assessing a civil penalty of $2,710. See 49 U.S.C. § 521(b)(2).[2]

---

[2] Neither party has explained (nor has Bryson objected to) the four-year delay between the filing of the FMCSA's motion and the entry of the final agency order to collect on the civil penalty so that issue, if any, is not addressed by the Court.

In late November, 2018, Bryson filed the complaint in this Court against the United States ("the government" or "defendant").  One month later, after having received no payment from Bryson or the Company, the FMCSA sent an order to show cause to the Company notifying it that the civil penalty had become due and that failure to pay it would result in Bryson Trading being prohibited from operating in interstate commerce and having its registration suspended. See 49 U.S.C. § 521(b)(8)(A).  That suspension was to take effect in mid-February, 2019, unless the Company paid the civil penalty in full or could otherwise demonstrate why it should not be prohibited from operating.

In January, 2019, Bryson filed a motion for a preliminary injunction to prevent the FMCSA from enforcing the civil penalty or suspending his company's registration pending the resolution of this case.  In early February, 2019, however, plaintiff paid the civil penalty in full and the Agency rescinded the previously issued order to cease operations.  Shortly thereafter, defendant filed a motion to dismiss the complaint for lack of jurisdiction.

## II.  __Motion to Dismiss for Lack of Jurisdiction__

### A.  __Legal Standard__

A plaintiff faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(1) bears the burden of establishing that the court

has subject matter jurisdiction over the action. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).  If the defendant proffers a "sufficiency challenge", the court will assess plaintiff's jurisdictional allegations liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

If the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations of both parties and resolve the factual disputes. Id.  The court has "broad authority" in conducting the inquiry and can, in its discretion, order discovery, consider extrinsic evidence or hold evidentiary hearings in determining its own jurisdiction. Id. at 363-64.

**B.  Application**

Congress has provided that

> [a]ny aggrieved person who, after a hearing, is
> adversely affected by a final order issued [by the
> FMCSA imposing civil penalties] may, within 30 days,
> petition for review of the order in the United States
> Court of Appeals in the circuit wherein the violation
> is alleged to have occurred or where the violator has
> his principal place of business or residence, or in
> the United States Court of Appeals for the District of
> Columbia Circuit.  Review of the order shall be based
> on a determination of whether the Secretary's findings
> and conclusions were supported by substantial

evidence, or were otherwise not in accordance with
law.

49 U.S.C. § 521(b)(9) (emphasis added); 49 C.F.R. § 386.67(a)
("Any party to the underlying proceeding, who, after an
administrative adjudication, is adversely affected by a Final
Agency Order . . . may . . . petition for review of the order in
the United States Court of Appeals in the circuit where the
violation is alleged to have occurred, or where the violator has
its principal place of business or residence, or in the United
States Court of Appeals for the District of Columbia Circuit."
(emphasis added)); see also Dandino, Inc. v. U.S. Dep't of
Transp., 729 F.3d 917, 919 (9th Cir. 2013) ("We have
jurisdiction to review final civil penalty orders of the Agency
pursuant to 49 U.S.C. § 521(b)(9).").

The government submits that § 521(b)(9) provides exclusive
jurisdiction to the circuit courts of appeals over any judicial
challenge to a final agency order of the FMCSA, including
constitutional challenges such as plaintiff's due process claim.
While the language of § 521(b)(9) indicates that an aggrieved
party may seek judicial review with the court of appeals after a
hearing and no such hearing has been held here, plaintiff does
not explain whether (or how) the want of a hearing allows him to
seek judicial review in this Court rather than in the court of
appeals.  Nor does he contest defendant's suggestion that

§ 521(b)(9) applies to constitutional challenges to a final agency order of the FMCSA.

Ultimately, it is plaintiff's burden to prove that this Court has jurisdiction over his claim. <u>Viqueira</u> v. <u>First Bank</u>, 140 F.3d 12, 16 (1st Cir. 1998).  He has not satisfied that burden because he has not shown that the courts of appeals do not have exclusive jurisdiction pursuant to § 521(b)(9).

This conclusion is further supported by the FMCSA's regulation that an aggrieved party may seek judicial review of a final agency order in the proper court of appeals <u>after an administrative adjudication</u>, rather than a hearing. 49 C.F.R. § 386.67(a).  There was such an administrative adjudication here.  Bryson Trading had several opportunities to respond to the allegations against it and to the FMCSA's motion for a final agency order.  It was only after the Company failed twice to respond to that motion that the Agency entered the final order at issue.  Accordingly, plaintiff should have filed a petition for review with the appropriate circuit court of appeals within 30 days of being notified of the final agency order. 49 U.S.C. § 521(b)(9); 49 C.F.R. § 386.67(a); <u>Dandino</u>, 729 F.3d at 920-22. This Court lacks jurisdiction over his claim.

## ORDER

For the foregoing reasons,

1) defendant's motion to dismiss for lack of jurisdiction

   (Docket No. 13) is **ALLOWED** and

2) plaintiff's motion for a preliminary injunction (Docket

   No. 9) is **DENIED as moot.**


**So ordered.**


/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 24, 2019